REQUESTED BY: Donald L. Knowles, Douglas County Attorney.
May a corporation whose president is a Douglas County Commissioner lease property to the Metropolitan Area Planning Agency (MAPA) for a term of five years at an annual consideration of approximately $50,000?
Yes, as limited herein.
Neb.Rev.Stat. § 23-146 (Reissue 1977) provides as follows:
 No county officer or county surveyor shall in any manner, either directly or indirectly, be pecuniarily interested in or receive the benefit of any contracts executed by the county for the furnishing of supplies or any other purpose when the consideration of the same is in an amount in excess of five thousand dollars in any one year, and no contract may be divided for the purpose of evading the requirements of this section. No county officer or county surveyor shall furnish any supplies for the county on order of the county board, without contract. It shall be unlawful for any person, firm, or corporation to enter into any contract or agreement with any county board for any article, service, public improvement, material, or labor, where such person is a member of such county board, or when any member of such county board is an agent, official, or employee of such firm or corporation if such contract or agreement is in violation of the limitation above set forth. All contracts or agreements in violation of the limitations above set forth are hereby declared unlawful and shall be wholly void as an obligation against the county.
MAPA is organized under the Interlocal Cooperation Act of Nebraska and similar legislation in Iowa. It comprises some 46 governmental entities including counties, cities, villages and school districts, including Douglas County.
Neb.Rev.Stat. § 23-2204(1) (Reissue 1977), provides in part:
 Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state having such power or powers, privilege or authority, and jointly with any public agency of any other state. . . .
The question then is whether or not Douglas County would have the authority to exercise this power singly and may therefore exercise it through an interlocal agency.
Under § 23-146 quoted above, Douglas County would be authorized to enter a contract with the corporation in question to the extent of $5,000.00 in any one year. Said section further provides that no contract may be divided for the purpose of evading the requirements of that section.
Inasmuch as the question of leasing the property in question did not come up until two years after MAPA was organized, there is no suggestion that Douglas County joined the MAPA agreement for the purpose of dividing the contract to evade the requirements.
This office is not in possession of the MAPA budget or the population figures of the various members needed to compute the appropriation of each member, but to the extent that the share of Douglas County's contribution to the lease agreement does not exceed $5,000.00, we are of the opinion that such lease is proper. The Douglas County contribution for the annual rent could be computed on the same ratio that Douglas County's portion of the MAPA budget relates to the whole. Should the Douglas County portion exceed $5,000.00 per year toward the total rental received by the county board member in question, it is our opinion that such officer would be in violation of § 23-146 mentioned above.